WILLIAM H. MAGILTON AND WILLIAM H. HOLLIS-
TER, EXECUTORS OF THE WILL OF OSMER HOLLISTER,
DECEASED, APPELLANTS, *v.* MARY A HOLBERT AND
OTHERS, RESPONDENTS.

*Mortgage — right of the holder of a second mortgage to collect, on a foreclosure thereof, interest paid by him upon the first mortgage — he is not entitled to an assignment of any share of the first mortgage.*

Where the holder of a second mortgage, in order to protect his own security, pays the interest due upon the first mortgage, he is not entitled, under such circumstances, to an assignment of any share of the first mortgage.

*Semble,* that he may "tack" the amount thus paid to the amount secured by said second mortgage, and if there be no intervening equity, may recover such amount upon a foreclosure thereof, and may do the same as to any costs paid by him under the foreclosure of the first mortgage.

APPEAL by the plaintiffs from an order made at a Special Term of the Supreme Court, held at chambers, in Catskill, on the 22d day

of February, 1889, and entered in the office of the clerk of Greene county, denying a motion, made by the defendants — that the plaintiffs be directed to execute an assignment of a mortgage, to foreclose which the action was brought, and the accompanying bond to the defendants Lampman and Werner, and that the plaintiffs, or their attorney, sign a consent, substituting said Lampman and Werner as plaintiffs in this action — so far as said motion sought an assignment of the principal of the mortgage not yet due and payable, but granting said motion so far as the same related to the assignment to and substitution of Lampman and Werner to the rights of the plaintiffs, sought by this action of foreclosure to be enforced in respect to the amount of interest then past due on said mortgage.

The action was brought for the foreclosure of a mortgage given by Mary A. Hollister, in April, 1886, upon property in which her mother, Margaret Brown, one of the defendants, had a dower interest. In May, 1888, Margaret Brown became the owner in fee of the mortgaged property, and thereafter she executed two mortgages thereon to the defendants Lampman and Werner, respectively. The amount claimed by the plaintiffs to be due and payable upon the bond and mortgage, to foreclose which this action was brought, was the interest thereon from April 1, 1888, to October 1, 1888, amounting to the sum of $125.

The defendants Lampman and Werner, desiring to protect their respective interests as subsequent incumbrancers, offered to pay to the plaintiff, and tendered the amount due, and to become due, for principal, interest and costs in this action, upon the mortgage referred to in the complaint herein, and requested an assignment of such mortgage, and the bond accompanying it, and that they be subrogated to the rights of the plaintiffs in this action.

*John A. Griswold*, for the appellants.

*Jacob I. Warner*, for the respondents.

BY THE COURT.

When a second mortagee pays the interest of the first mortgage, in order to protect his own security, we suppose he may " tack " the amount thus paid to his own mortgage, whenever he forecloses, if there be no intervening equity. So, probably, he may do as to

any costs of the foreclosure of the first mortgage necessarily paid by him. But he is not entitled to have an assignment of any share of the first mortgage. Because if he were thus to become an owner in common with the first mortgagee, the security of the first mortgagee would be diminished. The rights of the second mortgagee will be sufficiently protected whenever he shall be compelled to foreclose his own mortgage, by proof that he has necessarily paid these moneys to protect his security.

The part of the order appealed from should be reversed, with ten dollars costs and printing disbursements.

LANDON and INGALLS, JJ., concurred.

The part of the order appealed from reversed, with ten dollars costs and printing disbursements.